77,577-08

IN THE

COURT OF CRIMINAL APPEALS
OF TEXAS

WR-77,577-02

HAMIS CHANDE,
Applicant

Seeking Habeas Corpus Relief
Under Article 11.07

v.

THE STATE OF TEXAS

On Collateral Review from the 19th District Court
Of McLennan County, Texas
In Cause No. 2012-338-C1

# APPLICANT'S MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS

Counsel of Record for Applicant:

HAMIS CHANDE
ID: 1828317
DALHART UNIT
11950 FM 998
DALHART, TEXAS 79022
(806) 249-8655

Applicant Pro Se

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 1 0 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now HAMIS ATHOMAN CHANDE, Applicant, appearing pro se, and respectfully files motion for leave to file a writ of mandamus against the Clerk of Court of Criminal Appeals of Texas and in support would show the Court the following:

I.

Applicant contends that he attempted to file a "Motion for Reconsideration of the Denial to grant relief in [his original] Application for Writ of Habeas Corpus" by turning it to the law library officer at his Prison Unit for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)(holding that a prisoner's legal document is filed at moment of delivery to prison authorities for forwarding to the Court). He turned that motion to the officer at his Unit on January 22, 2015, during the time he was accessing the law library, but each time he requested to the Clerk for an acknowledgement receipt of his motion the Clerk ignored it.

Indeed, Applicant tried to communicate with the Clerk of this Court in February of 2015, March 9, 2015, and finally on March 23, 2015, as required under Texas law but the Clerk's response failed to answer his request of status of the motion. See TEX. R. APP. P. 9.6 (provides that parties and counsel may communicate with the reviewing court about a case only through the clerk). He contends the Clerk's failure to inform or notify him if "his motion for reconsideration has been received and presented to the Court" can only implies that the Clerk has not filed his motion and presented to this Court for review, in violation of his constitutional right to access to courts. TEX. CONST. art. 1, §12; see Deleon v. District Clerk, 187 S.W. 3d 473, 474 (Tex. Crim. App. 2006)("An applicant for habeas corpus relief has a constitutional right to access to courts"); Johnson v. Avery, 393 U.S. 483, 485 (1969)(prisoner's right of access to courts may not be denied or obstructed). In any event, Applicant contends that the Clerk denies him a meaningful access to courts to challenge violations of his constitutional right by

2

failing to present his motion for reconsideration to the Court. He maintains he has demonstrated that the Clerk has failed to allow him have access to this Court to present his request for reconsideration of his claims in his original application for a writ of habeas corpus under Rule 79.2(d), and he is entitle to mandamus relief.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that the Court grant his motion for leave to file this writ and furthermore grant him mandamus relief.

Enclosed, the Court will find attaches a copy of Applicant's original "motion for reconsideration of the denial to grant relief in application for writ of habeas corpus."

Respectfully Submitted,

Hamis Chande
ID: 1828317
Dalhart Unit
11950 FM 998
Dalhart, Tx 79022-7624
(806) 249-8655

Applicant Pro Se

April 7, 2015

# IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

### WR-77,577-02

HAMIS CHANDE,
Applicant

Seeking Habeas Corpus Relief
Under Article 11.07

v.

THE STATE OF TEXAS

On Collateral Review from 19th District Court
Of McLennan County, Texas
Cause No. 2012-338-C1C

## APPLICANT'S MOTION FOR RECONSIDERATION OF THE DENIAL TO GRANT RELIEF IN APPLICATION FOR WRIT OF HABEAS CORPUS

Counsel of Record for Applicant:

HAMIS CHANDE
ID: 1828317
DALHART UNIT
11950 FM 998
DALHART, TEXAS 79022-7624
(806) 249-8655

Applicant Pro Se

TO THE HONORABLE JUDGES OF SAID COURT:

Now comes Applicant in the above entitled and numbered cause, appearing pro se, and respectfully moves the Court to reconsider grounds one and two of his initial habeas application on the Court's own initiative, pursuant to TEX. R. APP. P. 79.2(d), and in support would show the Court the following:

## I.

On January 14, 2015, the Texas Court of Criminal Appeals denied Applicant's application for writ of habeas corpus under Article 11.07 without a written order. On January 21, 2015, Applicant received a card of that Court's denial of his habeas application. Then this motion followed.

## II.

## APPLICANT IS CONSTITUTIONALLY GUARANTEED THE RIGHT OF FAIRNESS AND EQUITY

### A. Equal Justice requires reconsideration of the case

The Texas Court of Criminal Appeals has noted that a "miscarriage of justice" is defined as "decision or outcome of legal proceeding that is prejudicial or inconsistent with substantial rights of party." See State v. Herndon, 215 S.W. 3d 901, 907 n. 17 (Tex. Crim. App. 2007). Thus, that Court has construed the Texas Rules of Appellate Procedure, Rule 79.2(d) to require that "[t]he Court may on its own initiative reconsider the case." Ex parte Moreno, 245 S.W. 3d 419, 427 (Tex. Crim. App. 2008). This is such a case. The United States Supreme Court has held that a state court criminal defendant has a federal constitutional right not to be arbitrarily denied the full range of statutory discretion

1

that exists under state law. See *Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S. Ct. 2227, 2229, 65 L.Ed. 2d 175 (1980); accord *Anderson v. Jones*, 743 F. 2d 306, 308 (5th Cir. 1984). This would include the Rules of Appellate Procedure's right to reconsider the case by the Court on its own initiative, especially when the Applicant suggests for.

## B. Applicant relies on seven points of error

In accordance with Rule 79.2(d) of the Texas Rules of Appellate Procedure, Applicant suggests that this Court reconsider grounds one and two of his initial habeas application as well as the dismissal of his direct appeal by the Tenth Court of Appeals. He specifically requests this Court to reconsider seven points of errors of his initial habeas application with regarding to: (1) Denial of constitutional right to self-representation; (2) Unconstitutional jury instruction; (3) No evidence to support conviction as a principal actor; (4) Ineffective assistance of pre-trial counsel; (5) Ineffective assistance of trial counsel; (6) Ineffective assistance of appellate counsel; and (7) the improper dismissal of direct appeal. Applicant therefore argues that the "cumulative effect" of all of the errors *supra* denied him due process under the federal constitution and due course of law under the Texas constitution. See *Chamberlain v. State*, 998 S.W. 2d 230, 238 (Tex.Crim.App. 1999)(a number of errors may be found harmful in their cumulative effect).

## III.
## THE TEXAS COURT OF CRIMINAL APPEALS PRECEDENT REQUIRES WRITTEN ORDER ON DENIAL OF RELIEF

Due to the serious nature of the constitutional violation in this case, Applicant asserts that this Court's denial of his initial habeas application *without a written*

2

order explaining reason for denial is in conflicts with the Court's holding in Sims that "as a general proposition, reviewing courts ought to mention a party's ... argument and explain why it does not have the persuasive force that the party thinks it does." Sims v. State, 99 S.W. 3d 600, 603 (Tex. Crim. App. 2003). Thus, Applicant requests that this Court to mention his argument and explain upon reconsideration of this case so that at least he will know the reason he was unsuccessful on his initial habeas application, instead of "be left to guess or assume the reason" and thereby maintain "the integrity of the system and improves appellate practice." See id. (emphasis added).

## I V.

If this Honorable Court does not reconsider the seven points of errors of his initial habeas application as requested, then Applicant will suffer egregious harm and will not be given a fair state habeas corpus review. To not allow reconsideration of his initial habeas application would deny Applicant his right to a proper administration of laws, his right to a fairness and equity, his right to due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution, Article 1, §§ 13 and 19 of the Texas Constitution.

WHEREFORE PREMISES CONSIDERED, Applicant prays that this Honorable Court:

1. Find that a threshold showing has been made that there is a compelling reason to believe that the Court may not have been correct on original submission;

2. Grant reconsideration of his original habeas application; and

3

3. That Applicant have such other and further relief as he may show himself to be justly entitled.

Respectfully Submitted,

_Hamis Chande_

Hamis Chande
ID: 1828317
Dalhart Unit
11450 FM 998
Dalhart, Texas 79022-7624
(806) 249-8655

Applicant Pro Se

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion was mailed to McLennan County District Attorney's Office, Waco, Texas, by placing in a prison mailing system on January 22, 2015.

_Hamis Chande_

Hamis Chande

4